## Case No. 6,767.

HOWE v. COBB et al.

[3 McLean. 270.] [1]

Circuit Court, D. Michigan. Oct. Term, 1843.

PRACTICE AT LAW—CREDITORS' BILLS—TIME OF FILING.

1. Under the statute of Michigan, a creditor's bill may be filed on the return of an exe-

[1] [Reported by Hon. John McLean, Circuit Justice.]

cution by the proper officer nulla bona before the return day named in the writ.

2. The assignees may show that the defendant in the judgment had property.

3. This is more a question of practice, on general principles, than of construction.

At law:

Stewart & Joy, for plaintiff.
Barstow & Lockwood, for defendants.

OPINION OF THE COURT. This was a creditor's bill, "setting up a fraudulent assignment to defendant Hill, by reason of which the execution issued on the judgment obtained by the plaintiff against Cobb, was returned nulla." One of the defendants demurred, and assigned the following cause of demurrer: That the fi. fa. issued on the above judgment was returned before the return day named in the writ, and was, consequently, insufficient to sustain the bill.

This proceeding is under a statute of Michigan, of 1838 (Rev. Laws, p. 365, § 25), which provides, that, "whenever an execution against the property of the defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied in whole or in part, the party suing out such execution may file a bill in chancery against such defendant and every other person to compel the discovery of property, or things in action due to him, or held in trust for him," &c. In Smith v. Thompson, Walk. [Mich.] 1, Chancellor Manning held, that an execution returned by the sheriff the 17th May, and which, on its face, was returnable the 18th, was insufficient to authorise the filing of a creditor's bill. And in the cases of Thayer v. Swift [Har. (Mich.) 430], and Stafford v. Hulbert [Id. 435], it was also held, previously, "that a judgment creditor's bill could not be sustained, where the execution was returned unsatisfied before the return day named in the writ; although the bill was not filed until after the return day."

In the case under consideration, the execution was returned a very short time before the return day in the writ, nulla bona. The marshal, in making the return, acted under a legal responsibility, and is liable to an action for a false return. Indeed his return becomes a matter of record, and is conclusive as between the parties to the judgment and the officer, except in an action for a false return. The above statute requires that the execution shall have been returned unsatisfied, before a creditor's bill can be filed; and the only question is, whether the return before the day named in the writ authorises this proceeding. We are inclined to think that where the marshal has, under his responsibility, returned the execution, being liable for a false return, a bill may be filed by the creditor. The object of the statute clearly was, that before the bill was filed there should be record evidence of the defendant's inability to pay the judgment; and this is shown by the return in this case.

We are not prepared to say, that the assignees, as charged in the bill, may not allege in their answer, and prove on the hearing, that the defendant in the judgment has property, on which the whole or a part of the judgment might be levied.

It is insisted, that this court will follow, as has often been ruled, the settled construction of a state statute. This is admitted, but the point before us is more a question of practice than of construction. It arises upon general principles, as at what time an execution may be returned by the marshal or sheriff. Upon the whole, we think that from the character of the proceeding and the rights involved, a very technical rule on this subject is neither called for nor justified. The bill was filed before the return day, but the process, we understand, was not served until afterwards.

The demurrer to the bill is overruled.